## CHURCHILL *vs.* COSTIN *et al.*

Where Churchill purchased a tract of land from Dean, and took bond
for titles and paid part of the purchase money therefor, and then
sold his interest to Costin & Corbally for fourteen hundred dollars,
they paying $400.00 cash and he taking their notes for $1,000.00,
and Costin & Corbally paid Dean the balance of the purchase money,
and Churchill assigned the bond for titles to the wives of Costin &
Corbally, and directed Dean to make titles to the wives, and Dean
did so, Churchill witnessing the deed; and where suit was brought
against Costin & Corbally by Churchill on the note, and parties gar-
nished who owed Costin & Corbally enough to pay the note, and the
garnishment was settled on the promise of Costin & Corbally to pay
$500.00 to Churchill; and a bill was then, on their failure to pay,
filed by Churchill to subject the land, so deeded by his direction to
the wives, to the payment of the note.

*Held,* that Churchill is estopped by the foregoing facts from asserting
any equitable right to subject the land to the payment of the note.

Estoppel. Equity. Before Judge HILLYER. Fulton
Superior Court. October Term, 1877.

Reported in the opinion.

E. N. BROYLES, for plaintiff in error.

GARTRELL & WRIGHT, for defendants.

JACKSON, Judge.

This was a bill filed by Churchill against Costin, Corbally,
and Mrs. Costin and Mrs. Corbally, to subject certain land
held by the two wives to the payment of a note for one
thousand dollars. On the trial of the case the jury, under
the charge of the court, found the land not subject to the
debt, and a decree was entered accordingly. Churchill ex-
cepted to the judgment of the superior court overruling a
motion made by him for a new trial, and the refusal to
grant the new trial on all the grounds therein alleged is the
error assigned.

In the view we take of the case, it is unnecessary to con-

sider all the alleged errors in the charge of the court, inasmuch as the case must be controlled by the undisputed facts thereof and the law applicable thereto.

These facts are in substance as follows : Churchill bought of Dean a tract of land at $3,500.00. He paid $1,100.00 therefor, and gave his note for the balance, taking bond for titles. Being unable to pay, he sold his interest to Costin & Corbally, who were brothers-in-law, and related also to Churchill. They paid $2,000.00 to Dean in full for the balance of purchase money due him, and at the time of the payment to Dean they paid Churchill $400.00 cash, and gave him their note for $1,000.00. At the same time, Churchill assigned Dean's bond for titles to Mrs. Costin and Mrs. Corbally, and directed Dean to make the title to the land to these ladies. This was done, and Churchill witnessed the deed. Upon this land there was a mill which Costin & Corbally were running, and Churchill was acting as their agent in managing the same. This mill was burned down, but it was insured for enough to pay the note of $1,000.00 which Churchill held against Costin & Corbally. There was some evidence that one of the ladies held some separate estate of her own in Columbus, that it was sold, and possibly the money went into the purchase of this land.

Churchill and Costin & Corbally seem to have fallen out about the payment of the note after the mill was consumed by fire, and he sued them and garnished the insurance company. Subsequently he dissolved or settled the garnishment proceeding on their promise to pay him $500.00, which was never done. He then attached the land as subject to this debt of one thousand dollars for purchase money, and filed this bill on the equity side of the court to aid the attachment. Both were tried together. There was some dispute as to the amount due on the note, partial failure of con·sideration having been pleaded thereto in respect to a mill-dam which Churchill had erected on the land. The jury found for Churchill $1,000.00, the amount of the note, but found the land not subject to the debt under the facts; and

this finding being predicated upon the law as given in charge by the court, the whole question is, was this land subject to pay this debt under the foregoing facts?

We think that it was not subject. The complainant was estopped. He assigned the bond for titles to the wives of Costin and Corbally, and took the husbands' note then and there for the one thousand dollars upon their paying him four hundred dollars cash. He directed Dean not only by this assignment of the bond, but verbally to make the deed to the wives. He took the note of Costin and Corbally, and looked not to this land, but to them, personally, to pay it. He sued them on it. He garnished the insurance company, and settled the garnishment on their (Costin & Corbally's) promise to pay $500.00 of that money to him. He not only took no mortgage or other lien on the land, but directed the deed made to these women, and attested it as a witness. In other words, he allowed and consented to the gift of this land to their wives by their husbands, if it was a gift, and he credited the husbands for the money which was coming to him. So that he is estopped so far as the rights of these women are concerned, regarding them as mere volunteers. The proof is not clear upon that point. One of them, it seems from the evidence, had a separate estate in Columbus; it was sold and the proceeds, it would seem, though it does not appear certain, went into this land. However that may be, regarding them as donees for love and affection, the contract and conduct of Churchill debar him from interfering with a title in them which he directed to be made to them, which he attested as a witness, and with which he never would have tried to interfere, perhaps, but for the burning of the mill, and the consequent inability of his real debtors, the husbands, to pay the debt without greater sacrifices than they were willing to make.

That they ought to pay him the jury found, and so we think; but they found, too, that the property of the wives ought not to pay him, under the principles of law and equity

applicable to the facts ; and so thought the presiding judge, and so we think.

Judgment affirmed.